UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Andres Ortiz Molina,  ) | Civil Action No.: 2:15-cv-01263-RBH |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Cecilia Reynolds, Warden Lee  ) | |
| Correctional Institution,  ) | |
| ) | |
| Respondent.  ) | |
| _____) | |

Petitioner, David Andres Ortiz Molina, a state prisoner represented by counsel, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* [ECF No. 1]. Pending before the Court is Respondent's motion for summary judgment [ECF No. 15] pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter is before the Court with the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker.[1] *See* [ECF No. 21]. The Magistrate Judge recommended granting the Respondent's motion for summary judgment and denying Petitioner's petition. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Facts and Procedural History**

This matter arises from the criminal conviction and sentence of Petitioner, David Andres Ortiz Molina, for assault and battery with intent to kill. In April of 2006, Petitioner was indicted by a Greenville County grand jury for assault and battery with intent to kill his former girlfriend.

---

[1]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

Petitioner, who was represented by Jeffery Falkner Wilkes, Esq., was convicted following a jury trial on May 15-18, 2006. Petitioner was sentenced to 20 years imprisonment.

Petitioner filed a timely notice of appeal and was represented by Assistant Appellate Defender Eleanor Duffy Cleary, Esq. On appeal, Petitioner presented the following issues:

> Whether appellant Molina was deprived of his Sixth Amendment right to a fair and impartial jury where the jury panel was exposed to extraneous information where the victim showed the panel her scar and said the perpetrator had been caught?

On February 10, 2009, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. The remittitur was issued on February 26, 2009.

On December 15, 2009, Petitioner filed a *pro se* application for post-conviction relief in which he alleged ineffective assistance of trial counsel. A post-conviction relief ("PCR") hearing was held on April 3, 2012. Petitioner was represented by Tommy A. Thomas, Esq. In an order filed June 7, 2012, the PCR court denied relief and dismissed Petitioner's PCR application. The PCR court's order of dismissal addressed a number of claims of ineffective assistance of counsel including Petitioner's claim that trial counsel was ineffective for failing to adequately challenge the timeline in the case in an attempt to prove that due to the distance between Petitioner's workplace and the victim's home, it would have been impossible for Petitioner to commit the alleged crime.

Petitioner timely appealed and was represented by Mr. Thomas in the PCR appellate proceeding. Petitioner raised the following issues on appeal:

> 1.  Did the Post-Conviction Relief Judge err in not allowing the testimony of one of the original Jurors in the case that she was pressured by the other jurors to vote guilty?
>
> 2.  Did the Post-Conviction Relief Judge err in not granting the Appellant relief on the basis that Trial Counsel was

> ineffective for not presenting evidence that it would not have been possible for the Appellant to have been at the location of the crime during the time in question?

The South Carolina Court of Appeals denied the petition on December 12, 2014, and remitted the matter to the lower court on January 5, 2015.

Petitioner then filed the current petition, which alleges two grounds. In ground one, Petitioner alleges his right to be tried by a fair and impartial jury was violated by the trial court's failure to grant a mistrial after the victim spoke to potential jurors prior to trial. In ground two, Petitioner alleges his trial counsel was ineffective for failing to present evidence that he could not have committed the crime in the time frame provided.

Respondent filed a return and motion for summary judgment on August 11, 2015. On January 25, 2016, the Magistrate Judge issued an R&R recommending that Respondent's motion for summary judgment be granted and Petitioner's petition dismissed with prejudice. Petitioner, through counsel, filed objections to the R&R on February 11, 2016.

## Legal Standards of Review

**I.     Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections.

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

## II.     Summary Judgment Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## III.    Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28

U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

## **Discussion**

### **Ground One**

Petitioner argues that he was denied his right to a fair and impartial jury because the victim spoke to a member of the jury panel prior to jury selection. During jury selection, Juror #154 indicated that while he was in line to enter the courthouse, he was behind one of the witnesses. [Trial Transcript, ECF No. 14-1, at 27, R. at 25]. The trial judge questioned Juror #154 further outside the hearing of the jury panel. R. at 25. During this questioning, Juror #154 testified that he was behind a lady with a scar on the side of her face who said she was attacked in her home. *Id*. Juror #154 asked the victim if they caught the guy and she responded "yes." *Id*. Juror #154 testified that he discussed his conversation with the victim with another member of the jury panel, Juror

#176. R. at 26. The trial judge permitted defense counsel to question Juror #154 further under oath. *Id*. at 31. Juror #154 testified under oath that the victim indicated she was a witness in the case after he asked her if she was on jury duty. *Id*. at 32, 34. The victim "pointed out that she had been attacked and she showed a scar on the side of her face." *Id*. Juror #154 asked if they got the guy and the victim said yes. *Id*. The victim added that she had been attacked in her home. *Id*. Juror #154 testified that he then had a conversation with another person in the jury pool about his conversation with the victim and there were several people around but there was nobody in front, behind, or immediately to either side. *Id*. at 33.

Juror #176 was also questioned under oath and confirmed Juror #154's account. *Id*. at 41-43. Juror #176 testified that Juror #154 told him he had met someone this morning in line and that he asked if they were here for jury duty and they said no, they were a witness. *Id*. at 41. Juror #154 also told Juror #176 that the witness had a scar. *Id*. Juror #176 said the conversation with Juror #154 ended at that point when another potential juror sat down beside Juror #154. *Id* at 42. Juror #176 estimated that there were approximately twenty potential jurors in the jury room when the conversation between he and Juror #154 occurred and their conversation occurred in a normal tone of voice. *Id*.

Defense counsel moved for a mistrial arguing the entire jury pool was tainted. The trial judge dismissed Juror #154 and Juror #176 and denied defense counsel's motion for a mistrial. *Id*. at 27, 43-44. The trial judge resumed voir dire of the jury panel and asked the remaining jurors: 1) if anyone had any knowledge about any of the events that were alleged in the indictment; 2) if "anyone heard anything about this case before coming into the courthouse;" 3) if "anyone overheard any conversations or been involved in any conversations about this case while here at the courthouse

today;" 4) if anyone knew "anything about this case, other than what you've heard since you've been called up here to this courtroom for jury selection;" and 5) if "anyone formed or expressed an opinion about this case." *Id*. at 48-49.  None of the remaining jurors indicated that they had any knowledge about the events alleged in the indictment, heard anything about the case before coming to the courthouse, overheard or been involved in any conversations about the case, knew anything about the case, or formed or expressed an opinion about the case. *Id*.

Petitioner raised the jury issue on direct appeal arguing that his constitutional right to a fair and impartial jury was violated because the victim's statement to Juror #154 tainted the entire jury pool and a new panel should have been convened.  In an unpublished opinion, the South Carolina Court of Appeals affirmed the trial court's denial of the mistrial motion relying upon *State v. Kelly*, 502 S.E.2d 99, 104 (S.C. 1998) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion amounting to an error of law occurs.").

In her R&R, the Magistrate Judge recommended denying Petitioner's ground one finding it to be without merit.  Petitioner objected to the Magistrate Judge's recommendation arguing that "[g]iven the critical nature of the information conveyed to the juror by the victim, and the subsequent likely spread of that information through the jury," the jury pool was irreparably tainted.

The text of the Sixth Amendment mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right to a ... trial[ ] by an impartial jury." U.S. Const. amend. VI.  A trial judge must protect a criminal defendant's Sixth Amendment right to an impartial jury by conducting voir dire in a manner that adequately identifies unqualified or potentially biased jurors. *Gardner v. Ozmint*, 511 F.3d 420, 424 (4th Cir. 2007).  The trial judge is "best situated to determine competency to serve

7

impartially." *Patton v. Yount*, 467 U.S. 1025, 1039 (1984); *United States v. Barber*, 80 F.3d 964, 967 (4th Cir. 1996) ("[t]he trial judge is in the best position to make judgments about the impartiality and credibility of potential jurors based on the judge's own evaluations of ... responses to questions"). "[W]hether a juror can in fact do that is a determination to which habeas courts owe special deference" and may only be set aside for manifest error. *Patton*, 467 U.S. at 1037 n. 12.

In this case, after excusing Juror #154 and Juror #176, the trial judge's questions to the remaining members of the jury panel were sufficiently framed to adequately identify any potential jurors who may have overheard or been influenced by the conversations between Juror #154 and the victim and Juror #154 and Juror #176. None of the remaining jurors indicated any potential bias or improper influence. The record reflects no evidence of improper contact between the remaining jurors on the panel and the victim in this case or Jurors #154 or #176.

A juror's bias may be established by showing (1) that the juror "failed to answer honestly a material question on voir dire "; and (2) that "a correct response [to that question] would have provided a valid basis for a challenge for cause." *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (the "McDonough test"). Additionally, a litigant must show that the fairness of his trial was affected either by the juror's "motives for concealing [the] information" or the "reasons that affect [the] juror's impartiality." *Conaway v. Polk*, 453 F.3d 567, 584 (4th Cir. 2006). A defendant seeking a new trial based on a juror's voir dire response "must first demonstrate that a juror failed to answer honestly a material question ... and then further show that a correct response would have provided a valid basis for a challenge for cause." *Gardner*, 511 F.3d at 424. Only when a juror's motive for concealing the information "affect[s] a juror's impartiality" does it affect the fairness of trial. *Conaway*, 453 F.3d at 588 (movant must show improper motive to

succeed on juror bias claim).

Petitioner offers no evidence of impartiality or bias by the jurors who actually deliberated his case and no evidence that any of the remaining potential jurors on the panel failed to answer honestly the trial judge's voir dire questions. Accordingly, Petitioner has failed to show that the state court decision affirming the denial of his motion for a mistrial was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). Further, the state court decision was not based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Because Petitioner has failed to meet his burden under 28 U.S.C. § 2254(d), Respondent is entitled to summary judgment as to ground one.

**Ground Two**

In ground two, Petitioner argues that his trial counsel failed to investigate and present an alibi defense based on Petitioner not having time to drive to the victim's home from his workplace in time to attack the victim. The PCR court found that Petitioner failed to meet his burden of proving either that trial counsel was deficient or that he suffered any prejudice if trial counsel had hired an investigator and better challenged the timeline.

Specifically, the PCR court found that the trial transcript was "replete with instances where trial counsel - through direct and cross-examination - attempted to point out the inconsistencies and improbabilities with regard to the timeline in this case." [Order of Dismissal, ECF No. 14-4, at 191]. Additionally, the PCR court stated:

> Misty Mathis, the [Petitioner's] office manager, testified the last record of the [Petitioner] on the night in question was when his timecard was clocked-in (after a break) at 11:40 p.m. (Trial

9

> transcript, p. 345, lines 4-13). Mathis explained the clock was
> seven minutes slow. (Trial transcript, p. 345, line 7). The victim
> testified - after referring to phone records - that she called 911 after
> the attack at 12:12 a.m. (Trial transcript, p. 121, lines 5-8).
> Therefore, twenty-five minutes elapsed between these two events.
> As Connelly [private investigator hired for PCR hearing] testified
> it took her an average of twenty minutes to drive from the
> [Petitioner's] workplace to the victim's home, this was clearly
> within the documented twenty-five minute window in this case.
> As such, [Petitioner] cannot prove there is a reasonable probability
> the outcome of the trial would have been different if trial counsel
> had hired an investigator and better challenged the timeline.

*Id*.

The Magistrate Judge recommended dismissing Petitioner's ground two finding that trial counsel adequately investigated the timeline of events leading to the assault and battery and that Petitioner did not have a viable alibi defense. As a result, the Magistrate Judge found that Petitioner did not meet his burden under 28 U.S.C. § 2254(d).

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." *Id*. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also, Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its]

analysis"); *Spencer v. Murray*, 18 F.3d 229,233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy *Strickland's* prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." *Spencer*, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998). Additionally, to obtain habeas corpus relief, Petitioner must establish that the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Petitioner objected to the Magistrate Judge's finding that Petitioner's trial counsel's performance was not deficient. Petitioner argues trial counsel's own admissions and testimony demonstrate his deficient conduct and belief that an alibi defense was viable. However, defense counsel's description of his attempts to point out inconsistencies in the timeline as "feeble" is not dispositive.

Petitioner's purported alibi defense was not viable. As a result, Petitioner cannot establish either deficient performance or any resulting prejudice from the alleged failure to present evidence that Petitioner could not have committed the crime in the time frame provided.

> To establish an alibi, the accused must show that he was at another specified place at the time the crime was committed, thus making it impossible for him to have been at the scene of the crime. It is not enough for the accused to say that he was not at the scene and must therefore have been elsewhere. The latter statement does not constitute an alibi. And since an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, *a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all*.

*State v. Robbins*, 271 S.E.2d 319, 320 (S.C. 1980) (emphasis added). Petitioner's own habeas counsel acknowledges that even with Private Investigator Connelly's testimony, "it was possible for the Petitioner to commit the crime." [Objections to R&R, ECF No. 22, at 7]. At the PCR hearing, trial counsel testified that "I had some belief that it was marginally possible to do . . . I had some idea that that was not an absolute impossibility." [PCR hearing, ECF No. 14-4, at 120, R. at 823]. Petitioner's own proposed timeline[2] - indicating that he left work at 11:47 p.m. at the latest - gave him a twenty-five minute window within which to reach the victim's residence and commit the crime before the victim called 911 at 12:12 a.m. Since Petitioner's own private investigator testified that the drive could be made in twenty to twenty-one minutes,[3] it was still possible for Petitioner to have committed the crime. *See* [PCR hearing, ECF No. 14-4, at 152, R. at 855]. Because it was still possible for Petitioner to commit the crime under his proposed timeline, his purported alibi defense was not viable.

While Petitioner argues trial counsel was ineffective for failing to request an alibi jury charge and argue alibi in his closing argument, these specific claims of ineffective assistance of

---

[2]     The jury also heard testimony that the Petitioner left work earlier than 11:47 p.m. and that Petitioner had a friend at work that would clock him in and out upon request. A co-worker testified that Petitioner left work at 11:40 p.m. and did not return. [Trial testimony, ECF No. 14-2, at 119, R. at 355].

[3]     Investigator Connelly was not able to provide any testimony as to the extent of any alleged traffic delays as a result of any highway construction on the night of the incident.

counsel were not raised to or ruled upon by the PCR court. Accordingly, the Court finds that these specific claims of ineffective assistance of counsel are procedurally barred. In any event, trial counsel was not deficient for failing to request an alibi jury charge or argue alibi in his closing because Petitioner's own proposed timeline indicated it was not impossible for Petitioner to have committed the crime.

In his closing argument, trial counsel argued that law enforcement immediately jumped to the conclusion that Petitioner was the perpetrator of the crime. Trial counsel argued that law enforcement failed to investigate other more likely suspects and that they failed to conduct a thorough investigation in terms of obtaining DNA or fingerprint evidence. Given that Petitioner's own proposed timeline of events does not render his commission of the crime impossible, it was objectively reasonable for trial counsel to focus on the lack of physical evidence and law enforcement's rush to judgment in his closing argument to the jury rather than the purported alibi. Argument concerning the purported alibi could have brought unwanted attention to the different accounts of Petitioner's whereabouts. For example, Petitioner testified at his trial and the PCR hearing that he was stuck in traffic when the call from the victim went to his phone unanswered at 12:07 a.m. Petitioner's co-worker, Mathis, however, testified that Petitioner told her he was at the gas station across the street when the victim called him. [Trial testimony, ECF No. 14-2, at 106, R. at 342]. Focusing on the purported alibi could also have brought unwanted attention to the testimony of James Braswell, who testified that Petitioner admitted committing the crime and that he was able to get over to the victim's residence on the night of the attack because he had a friend at work who would punch his time card for him. R. at 384-85. Under these circumstances, it was objectively reasonable for trial counsel to focus on the lack of physical evidence, inadequate

investigation techniques, and law enforcement's failure to investigate other suspects. Trial counsel was not constitutionally deficient for failing to request an alibi jury charge or argue alibi to the jury.

Petitioner further objected to the R&R arguing that the Magistrate Judge failed to address the prejudice prong of *Strickland*. Petitioner argues that he had a viable alibi defense that was supported by Private Investigator Connelly's testimony at the PCR hearing. Although the Magistrate Judge may not have referred to the prejudice prong of *Strickland*, the Court agrees with the Magistrate Judge that Petitioner did not have a valid alibi defense for the reasons stated above. Petitioner cannot establish prejudice in this case based on the failure to present and investigate an alibi defense because on the point of travel time between Petitioner's workplace and the victim's residence, Private Investigator Connelly's testimony was no different than the victim's testimony that she had made the drive in twenty to twenty-five minutes. As a result, Petitioner cannot prove there is a reasonable probability that the outcome of the trial would have been different if trial counsel had hired an investigator and better challenged the timeline.

The PCR court's determination that Petitioner failed to establish deficient conduct or prejudice was not contrary to, or an unreasonable application of, clearly established federal law, nor was it an unreasonable determination of the facts in light of the evidence presented. The timeframe offered by Petitioner's private investigator was no different than the timeframe offered by the State at trial. There is no non-speculative basis to suggest that had trial counsel presented the testimony of a private investigator and more strenuously argued that it was impossible for Petitioner to have committed the crime that the jury would have found Petitioner not guilty, especially in light of the significant evidence of Petitioner's guilt. As Petitioner has failed to carry his burden under § 2254(d), Respondent is entitled to summary judgment as to ground two.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.   In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, the Court overrules Petitioner's objections [ECF No. 22] and adopts and incorporates by reference the Report and Recommendation [ECF No. 21] of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 15] is **GRANTED**, and Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE.  IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

March 21, 2016                                             s/ R. Bryan Harwell
Florence, South Carolina                                   R. Bryan Harwell
                                                           United States District Judge